TOTES, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 91–06–00423

(Dated August 14, 1992)

*Neville, Peterson & Williams (John M. Peterson)*, for plaintiff.
*Stuart M. Gerson*, Assistant Attorney General; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, U.S. Department of Justice *(John J. Mahon)*, for defendant.

DICARLO, *Chief Judge*: Plaintiff moves, pursuant to USCIT R. 84, to designate this action as a test case and to suspend one other action under it. At issue is whether plaintiff has satisfied the requirements for the test case/suspension procedure. Based on the facts presented, the court grants plaintiff's motions to designate this action as a test case and to suspend *Totes, Inc. v. United States*, Court No. 92–02–00105, under the test case.

MEMORANDUM OPINION AND ORDER

BACKGROUND

Plaintiff challenges the classification of a product known as the Totes "Trunk Organizer" imported from China. The Customs Service classified the merchandise as a travel bag under HTSUS Subheading 4202.92.3030, thereby subjecting it to textile quota category 670–L restraints. Plaintiff claims the merchandise is more appropriately classifiable as a motor vehicle accessory under HTSUS Subheading 8708.99.5080, and thus not subject to textile quota restraints. Plaintiff maintains that its "Trunk Organizer" is not excluded from classification under Chapter 87 by virtue of Note 2 to Section XVII of the HTSUS; that the merchandise is suitable for use solely or principally with vehicles described in Chapter 87; and that HTSUS Headings 8701 to 8705 "most specifically provide for" the merchandise.

After issue was joined, plaintiff filed its motions for test case designation and suspension. Plaintiff alleges that the proposed test case and the action for which suspension is sought involve a common issue, namely "the proper tariff classification of the Totes 'Trunk Organizer.'" Plaintiff further alleges that this "threshold legal question * * * is potentially dispositive" of the action for which suspension is sought. Finally, since it expects to import the merchandise on a continuing basis and file new actions raising the same classification issue, plaintiff maintains that the designation of a test case and suspension of identical actions thereunder will "achieve economies of time, effort and expense, and will result in the uniform disposition" of that issue. Thus, plaintiff claims that it has satisfied the requirements of USCIT R. 84, and that these actions "are appropriate for disposition * * * [under] the 'test case/suspension' procedure."

Plaintiff's counsel states that it, as required by Rules 84(d) and 7(b), has consulted with counsel for defendant. As a result, defendant's counsel indicated that it would evaluate plaintiff's motions and subsequently advise the court of defendant's position.

In its response, defendant agrees that the two actions "involve similar merchandise and issues," and thus, "test case designation and suspension * * * would be appropriate." Defendant suggests that consolidation may be an alternative method to disposing of these actions. However, because plaintiff expects to be importing the merchandise on a continuing basis, defendant maintains that the test case/suspension procedure is "more likely [to] effectuate the just, speedy and inexpensive determination of these actions." For these reasons, defendant consents to plaintiff's motions for test case designation and suspension.

### DISCUSSION

Initially, the court is to determine which of two alternatives, consolidation or the test case/suspension procedure, is best suited, under the circumstances, for disposing of actions with a common issue of fact or question of law. *See Generra Sportswear, Inc. v. United States*, 16 CIT at 313, Slip Op. 92–62 (Apr. 28, 1992); *PEG Bandage, Inc. v. United States*, 16 CIT 319, Slip Op. 92–63 (May 5, 1992). In particular, the court will inquire as to which procedure best serves to "'achieve economies of time, effort and expense' and 'promote uniformity of decisions,' *Generra*, 16 CIT at 314, Slip Op. at 4, and whether the test case/suspension procedure or consolidation will 'best avoid unnecessary costs or delays,' *PEG Bandage*, 16 CIT at 321, Slip Op. at 4." *A. T. Clayton & Co. v. United States*, 16 CIT 456, 458, Slip Op. 92–88, at 5 (June 11, 1992).

Consolidation is preferable when it results in conservation of time and expense for the court and the parties. Conversely, when consolidation may result in "an unwieldy and chaotic proceeding," the test case/suspension procedure is the preferred mechanism. *Id.* Among other considerations for the court are the number of protests and entries involved, the number of ports of entry, and the degree to which discovery,

trial preparation and judicial resources will be strained by the alternative procedures. *Id.*

Notwithstanding defendant's consent to plaintiff's requests for relief, the court has an independent responsibility to "exercise its judicial discretion" in considering plaintiff's motions. *Generra*, 16 CIT at 315, Slip Op. at 6. *See also Semperit Indus. Prods., Inc. v. United States*, 16 CIT 710, Slip Op. 92–134 (Aug. 14, 1992) (court denied consent motion to suspend without prejudice because requisite showings were not made that the test case/suspension procedure, rather than consolidation, was a more orderly mechanism for disposing of the actions proposed for suspension).

In *PEG Bandage*, the court was presented with a test case and two previously suspended actions, all with the same plaintiff and identical merchandise, involving five protests, 31 entries and one port of entry. After considering the benefits of both consolidation and the test case/suspension procedure, the court, *sua sponte*, ordered consolidation. Here, the court has before it two actions, with the same plaintiff and identical merchandise, involving three protests, five entries and one port of entry. However, unlike *PEG Bandage*, plaintiff has alleged that it intends to continuously import the merchandise in question. In view of this allegation, defendant has consented to plaintiff's requests for relief stating that the test case/suspension procedure, rather than consolidation, would provide for the "'just, speedy, and inexpensive determination'" of actions involving the proper tariff classification of the Totes "Trunk Organizer." Consolidation, under these circumstances, has the potential for creating a chaotic and unwieldy proceeding. Therefore, the court concludes that the test case/suspension procedure will result in judicial economy, and avoid unnecessary costs or delays for the parties and the court. *Cf. Junior Gallery, Ltd. v. United States*, 16 CIT 687, Slip Op. 92–130 (Aug. 13, 1992) (consolidation more efficient method of disposing of actions having a discreet factual issue in common; test case/suspension procedure would not aid in conclusive determination of those actions).

Having determined that the test case/suspension procedure will best serve the administration of justice, the court will consider whether the motions do, in fact, satisfy the criteria for test case designation and suspension. *See Generra*, 16 CIT 313, Slip Op. 92–62 (Apr. 28, 1992); *A. T. Clayton*, 16 CIT 456, Slip Op. 92–88 (June 11, 1992); *Semperit*, 16 CIT 710, Slip Op. 92–134 (Aug. 14, 1992).

The authority for the test case/suspension practice is found in USCIT R. 84. Pursuant to Rule 84(b), an action may become a test case "by order of the court upon a motion for test case designation made after issue is joined." The criteria for suspension are set forth in Rule 84(c), which provides:

> An action may be suspended under a test case if the action involves an issue of fact or a question of law which is to be the same as an issue of fact or question of law involved in the test case.

The party moving for suspension also must provide the court with, *inter alia*, "a concise statement of the issue of fact or question of law alleged to be the same in both actions." USCIT R. 84(d).

To have an action designated as a test case, the moving party must demonstrate that it has "other pending actions, the disposition of which will be facilitated if they are suspended pending the decision in the test case." *Generra*, 16 CIT at 314–15, Slip Op. at 4. In particular, the movant is to show that the test case and the actions in which suspension is sought have "a significant and identified issue of fact or question of law in common;" that there exists a common threshold issue that is potentially dispositive of the actions; and that other common circumstances show "that a decision in the test case will facilitate the disposition of the other actions." *Id.*

Plaintiff's motions, quite properly, are not predicated on "mere allegations of sameness." *Id.* at 315, Slip Op. at 5. *But see, e.g., Semperit*, 16 CIT at 713, Slip Op. at 6 (court denied motion to suspend without prejudice because plaintiff filed *pro forma* motion). Rather, plaintiff has made the requisite showings for the designation of a test case and the suspension of an action thereunder. *Generra*, 16 CIT at 315, Slip Op. at 4. Specifically, plaintiff has demonstrated, and defendant agrees, that the proposed test case and the pending action sought to be suspended have the same significant and identified question of law, namely the proper classification of the Totes "Trunk Organizer." The parties have shown that the classification of the imported merchandise is the common threshold issue, which is potentially dispositive of both of these actions. Moreover, plaintiff and defendant have demonstrated that a decision in the test case (and thus, the test case/suspension procedure) will facilitate the ultimate disposition of the action proposed for suspension and other actions that may be commenced by plaintiff raising the same classification issue.

It is evident to the court that counsel for plaintiff is familiar with the requirements for the designation of a test case and the suspension of an action pursuant to Rule 84 and the applicable case law. Plaintiff has not merely parroted the provisions of Rule 84, and has done more than simply file bare-bones motions. As an aid to the court, defendant has offered more than a *pro forma* response. It has provided the court with the benefit of its fully developed views on plaintiff's motions. Together, counsel for the parties have provided the information necessary for the court to determine the appropriateness of the test case/suspension procedure in these cases and to discharge its responsibility to manage its docket "to provide for the efficient and expeditious termination" of cases. *Men's Wear Int'l, Inc. v. United States*, 13 CIT 817 (1989).

The court finds that the parties have demonstrated that this action is appropriate for test case designation and that circumstances warrant the suspension of *Totes, Inc. v. United States*, Court No. 92–02–00105, under the test case.

Accordingly, it is hereby

ORDERED that plaintiff's motions are granted, and it is further

ORDERED that Court No. 91–06–00423 is designated a test case, and it is further

ORDERED that Court No. 92–02–00105 is suspended under Court No. 91–06–00423.